On application for rehearing, Appellees (supported by amicus curiae brief) contend, inter alia, that the Court of Civil Appeals and not this Court has exclusive jurisdiction of this appeal. Because the dissent and not the majority opinion addressed this jurisdictional issue, we accede to Appellees' insistence that we do so.
The Court of Civil Appeals jurisdiction is fixed by Code 1975, § 12-3-10:
 "The court of civil appeals shall have exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $10,000.00 . . ."
In the context of the instant case, the key phrase is "where the amount involved . . . does not exceed $10,000.00." One of the substantive issues presented by this appeal was the propriety of the trial court's order disallowing Plaintiffs' amendments in circuit court. If allowed, each of the Plaintiff's claims would exceed $10,000. Not until this Court entertained the appeal and ruled adversely to Plaintiffs on this issue could it be said that each of the consolidated claims did not exceed $10,000 in amount. Either this Court had jurisdiction in the first instance (and, if so, retained jurisdiction for the purpose of full disposition of the appeal) or it did not have the power to decide any issue presented.
We are aware that Appellees' position is supported by the following sentence from the dissenting opinion: "Affirmance by the majority of the order denying the amendments to plaintiffs' complaints seeking more than five thousand dollars as damages is positive concession that these appeals are not within the jurisdiction of this court." *Page 261 
By way of authority the dissent concludes: "To rule otherwise, the majority would, perforce, repeal Rule 13 (j), ARCP."
The minority's proposition is self answering. "Affirmance by the majority" of the issue relating to the amendments necessarily (and "perforce," if you please) means that this Court assumed jurisdiction of an appeal where the amount involved exceeded $10,000. Such "affirmance" constitutes an enforceable order only if this Court acted with jurisdiction. To be sure, once the appeal was entertained and the trial court's order disallowing the amendments was affirmed, each of the claims involved an amount less than $10,000. But we know of no authority (nor have we been aided by Appellees, amicus curiae, or the dissenters in this regard) for the splitting of appellate jurisdiction under these circumstances. This Court cannot take jurisdiction for the disposition of one issue, and then, in light of its holding, dismiss (or transfer) the appeal for lack of jurisdiction.
Suppose, for example, that a jury verdict were rendered, and judgment entered thereon, for $15,000. On motion for J.N.O.V., defendant's only ground insists that $9,000 is the highest award supported by the evidence. On appeal, the only issue presented is the propriety of the trial court's order overruling defendant's motion. Under the rationale urged by appellees, this Court's reversal (thus fixing the plaintiff's judgment at $9,000) would strip it of jurisdiction and mandate dismissal of the appeal, thus leaving the $15,000 judgment undisturbed; and this for the reason that, if this Court has no jurisdiction, it had no power to reverse on the damage issue.
Likewise, here, if we have no jurisdiction, we have no power to affirm on the amendment issue. And we have been careful to note that Appellees' lack of jurisdiction argument is premised on the validity of our order affirming the trial court's denial of the amendments to the ad damnum clause of each of Plaintiff's claims. In the absence of a judgment fixing the amount of recovery, the amount claimed in the pleadings is the only guide by which jurisdiction as between this Court and the Court of Civil Appeals may be determined. Although unsuccessful in their efforts to assert a higher claim on their appeal to circuit court, Plaintiffs' proffered amendments put in controversy amounts in excess of $10,000 for each claim. Jurisdiction of this consolidated appeal is with this Court.
OPINION EXTENDED AND APPLICATION FOR REHEARING OVERRULED.
FAULKNER, SHORES and ADAMS, JJ., concur.
TORBERT, C.J., concurs to deny application for rehearing on the jurisdictional issue; but he would grant rehearing on the substantive issue.
MADDOX, J., concurs specially.
ALMON, EMBRY and BEATTY, JJ., dissent.